**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2020

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

The Clerk is directed to terminate this matter so that the parties can continue to litigate Mr. Xiang's petition before Judge Preska.

Alvin K. Hellerstein /s/
July 15, 2020

Re:   *Chen Xiang v. United States of America*, 09 Cv. 7579 (AKH)

Dear Judge Hellerstein:

At the request of the Court, the Government writes in response to the Mandate issued on June 23, 2020 by the Second Circuit Court of Appeals in *Xiang* v. *United States*. (Dkt. 19). For the reasons set forth below, the Government respectfully requests that the Court terminate the instant matter.

**Relevant Procedural History**

Following a jury trial presided by the Honorable Richard Conway Casey (02-Cr-271), the defendant was convicted of (1) three counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 2; and (3) three counts of using a firearm during and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).[1] As a result of these offenses, the defendant was sentenced to a 754-month term of imprisonment. The Second Circuit affirmed the defendant's conviction and sentence on April 2, 2008. *United States v. Zhou,* 268 F. App'x 139, 140-41 (2d Cir. 2008).

In 2009, this Court, in the matter docketed 09-cv-7579, considered and rejected the defendant's *pro se* petition (the "First Petition") to vacate his sentence under 28 U.S.C. § 2255. (Dkts. 1, 7). On or about February 5, 2019, the defendant filed a motion pursuant to Federal Rule of Civil Procedure Rule 60(b) which purported to attack the integrity of the proceeding rejecting the First Petition. (Dkt. 11). The Court rejected that challenge on April 12, 2019. (Dkt. 15).

On or about June 23, 2016, the defendant, represented by the Federal Defenders of New York Inc., filed a second petition (the "Second Petition") to vacate his sentence under 28 U.S.C.

---

[1] The jury had also found the defendant guilty of extortion and a related 18 U.S.C. § 924(c) offense. On direct appeal in 2005, the Second Circuit reversed those convictions. *Zhou v. United States*, 428 F.3d 361 (2d Cir. 2005).

§ 2255. That petition was assigned Docket Number 16-cv-4900, which, along with the original criminal docket (02-Cr-271) was assigned to Judge Preska.  The Second Petition was stayed in light of *Johnson v. United States*.  After that stay was lifted in 2019, the Government and the defendant litigated the issue of whether the defendant was to entitled to file a second or successive habeas petition.  In the Second Circuit's mandate issued on June 23, 2020—which was docketed in this matter *and* the original criminal docket now presided over by Judge Preska—the Second Circuit held that the defendant was entitled to pursue the Second Petition.

**Discussion**

After conferring with, and having obtained the consent of, defense counsel who represents the defendant in his Second Petition, the Government respectfully submits that this matter can be terminated because there is no active litigation before this Court.  The Court has already resolved the defendant's First Petition and 60(b) motion, neither of which were implicated by the Second Circuit's June 23, 2020 Mandate.  The parties intend to litigate the Defendant's Second Petition before Judge Preska, where that Petition was originally filed.

                         Respectfully submitted,

                         AUDREY STRAUSS
                         Acting United States Attorney

by: _____
                         Rushmi Bhaskaran
                         Assistant United States Attorney
                         (212) 637-2439

cc: Edward Zas, Esq.